MR. JUSTICE GULBRANDSON,
dissenting.
I respectfully dissent.
The majority opinion relies, in part, upon State v. Stewart and State v. Orsborn. In Stewart, this Court stated:
“[w]e emphasize that we reaffirm our adherence to the sentencing policy stated in Orsborn, supra, quoting from Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 1083, 93 L.Ed.2d 1337, 1342:
“ ‘ *** Highly relevant — if not essential — to [the sentencing *31 judge’s] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant’s life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable at the triaV ” (Emphasis added.)
175 Mont. 286, 305-6, 573 P.2d 1138, 1149.
In Orsborn, this Court stated:
“A convicted defendant still has a due process guarantee against a sentence predicated on misinformation. The real question before us then is whether defendant received the protection.
“Here: (1) Defendant was represented by counsel at the time the sentencing was made known to him. [Citations omitted.]
“(2) He had the opportunity to rebut the information. [Citations omitted.]
“(3) Defendant chose to affirm the accuracy of the information. [Citations omitted.]
“Thus, any danger of utilizing misinformation in sentencing was thus averted by the trial judge.”
170 Mont. 480, 486, 555P.2d 509, 513.
The factual situation here is similar to that in Orsborn:
(1) The defendant Redding was represented by counsel at the time the sentencing information was made known to her.
(2) She had the opportunity to rebut the information. The record discloses that the pre-sentence investigation report, with a recommended sentence of five year with two suspended, was filed on April 6, 1983. Thereafter, two additional charges of unauthorized use of a motor vehicle were filed against the defendant in justice of the peace court, in the same county, and State moved on April 20, 1983, for an order for psychiatric examination of the defendant. Defense counsel was present and objected to said order. The sen *32 tencing hearing was not held until June 8, 1983. It would appear, therefore, that defense counsel knew of the pending additional charges against the defendant for period of more than six weeks, and in fact did not dispute the accuracy of the information at sentencing or later.
(3) In Orsborn, the defendant chose to affirm the accuracy of the information. Here, the defendant did not deny the accuracy of the information, and later entered guilty pleas to the additional charges according to counsel at the time of oral argument in the appeal.
Section 46-18-113, MCA read, in pertinent part:
“Availability of report to defendant and others. (1) The judge may, in his discretion, make the investigation report or parts of it available to defendants or others, while concealing the identity of persons who provided confidential information. If the court discloses the identity of person who provided information, the judge may, in his discretion, allow the defendant to cross-examine those who rendered information. . . .”
In my view, the majority has impliedly ruled Section 46-18-113, MCA, unconstitutional without referring the procedure outlined therein.
Here, the sentencing judge gave the exact sentence recommended in the pre-sentence investigation, filed prior to the additional charges, and defense counsel does not dispute the accuracy of the information obtained.
I would affirm the denial of defendant’s motion for rehearing on sentencing.
MR. JUSTICES HARRISON and WEBER concur.